**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**ILYA LIVIZ, et al.,**

**Plaintiffs,**

**v.**

**DONALD JOHN TRUMP, et al.,**

**Defendants.**

**Civil Action No. 19-10463-DJC**

**MEMORANDUM AND ORDER**

**CASPER, J.** **March 20, 2019**

For the reasons set forth below, the Court allows Plaintiff's motion for leave to proceed *in forma pauperis*, denies Plaintiff's emergency motion and dismisses the complaint pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

## I. Background

Ilya Liviz, proceeding *pro se* and on behalf of his minor son, commenced this action against (1) Donald John Trump, "in his official capacity as 45th President of the United States of America" and (2) a Defendant identified in the case caption as John Doe. D. 1. With his complaint, Plaintiff filed a motion to proceed *in forma pauperis*. D. 2. He also filed an emergency motion for a temporary restraining order and a preliminary injunction. D. 2.

Plaintiff's complaint consists primarily of a recounting of events surrounding Plaintiff's efforts to litigate issues related to the custody of his minor son as well as his unsuccessful efforts to secure assistance from the United States Department of Justice. Plaintiff brings this action pursuant to 18 U.S.C. §§ 241, 242, 245. D. 1, at ¶ II (2). Plaintiff acknowledges that as a private

citizen, he "does not have a private right to bring an action against state actors pursuant to criminal statutes." Id. Plaintiff states that "**this is an application**, verified by oath under pains and penalty of perjury, **for appointment of U.S. Prosecutor** to follow through with the criminal complaint." Id. at ¶ II (3) (emphasis in original).

## II. Discussion

Plaintiff cites no statutory authority nor any other basis to support the Court's power to order the defendant to appoint, or for this Court to appoint, a special prosecutor in this case.

As recognized by Plaintiff, the federal criminal statutes referenced in the complaint do not confer a private right of action. Thus, Plaintiff does not have standing to bring a criminal action in federal court because no statute authorizes him to do so. Kennan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964) (per curiam); accord Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989)(per curiam)(stating that only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); Stone v. Warfield, 184 F.R.D. 553, 555 (D. Md. 1999) (stating that individual citizens have no private right of action to institute federal criminal prosecutions); 28 U.S.C. § 516 (conduct of litigation in which the United States is a party is reserved to officers of the Department of Justice, under the direction of the Attorney General).

In accordance with the foregoing, this action is hereby DISMISSED pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

## III. Conclusion

For the foregoing reasons, the Court rules as follows:

A. The Court grants Plaintiff's motion to proceed *in forma pauperis*, D. 2;

B. The Court denies Plaintiff's emergency motion, D. 3; and

C. This civil action is hereby DISMISSED pursuant to Fed. R. Civ. P. 12(h)(3).

**SO ORDERED.**

/s/ Denise J. Casper
Denise J. Casper
United States District Judge